Case 1:25-cv-02250-SEG     Document 21     Filed 06/27/25     Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW WOMACK, M.D.,

      Plaintiff,

v.

MEDICAL SECURITY INSURANCE
COMPANY,

      Defendant.

CIVIL ACTION FILE NO.
1:25-cv-02250-SEG

## **MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Medical Security Insurance Company ("MSIC") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) for failure to state facts supporting a claim for "failure to settle" under Georgia law. Under the controlling law, "an insurer's duty to settle arises when the injured party presents a valid offer to settle within the insured's policy limits." *First Acceptance Ins. Co. of Ga., Inc. v. Hughes*, 305 Ga. 489, 492-93, 826 S.E.2d 71, 75 (2019). Here, Plaintiff Matthew Womack's complaint makes plain that a demand to settle was *not* made within his policy limits, without which a duty to settle did not arise under Georgia law. Because the existence a duty is a legal question for the court to resolve, MSIC's motion should be granted for the reasons set forth below.

1

**FACTS AND PROCEDURAL HISTORY**

Womack filed this action to recover damages he claims to have sustained as a result of MSIC allegedly breaching a common law duty to settle an underlying liability action. (Doc. 1-1, p. 1.) In the underlying lawsuit, Womack was sued, along with others, for medical malpractice in treating an individual named Jonathan Buckelew. (Doc. 1-1, pp. 4-5; Doc. 11-2[1].)   Womack alleges he was defended by counsel appointed by MSIC pursuant to an insurance policy that provided him with coverage up to $1,000,000 for the liability claims asserted. (Doc. 1-1, p. 3 and 5.) [2]

Womack alleges that MSIC had an opportunity to settle the claims against him when a demand was made that was contingent on acceptance by all defendants. (Doc. 1-1, pp. 5-6.) The demand, which Womack attached to the Complaint, was against all defendants for the total sum of $64,000,000, with settlement "contingent upon acceptance of the demand *by all parties to this litigation*." (Doc. 11-3, p. 2)

---

[1] In removing this action to federal court MSIC inadvertently omitted the attachments to the Complaint which Womack filed into the record at Document 11. As explained below, the documents that were attached to the Complaint are properly considered in resolving this motion.

[2] Although Womack alleges that he "secured insurance from MSIC" (Doc. 1-1, p. 3), the policy he attached to the Complaint plainly shows that it was issued to ApolloMD Business Services LLC as the "Named Insured" and that Womack is listed as a "Provider" among many others. (Doc. 11-1, pp. 1 and 17.) Womack further alleges that the policy provides him with "liability limits of $1,000,000 per occurrence" (Doc. 1-1, p. 3) where the actual limit is $1,000,000 for each claim. (Doc. 11-1, pp. 3 and 17.)

(emphasis in original). For added emphasis, the demand letter stated that "plaintiff is only bound to accept an offer from a defendant if all defendants accept this demand as to each of them." (Doc. 11-3, p. 2.) In that respect, the portion of the demand attributable to Womack was *not* within his $1,000,000 limit under the policy but instead was a joint demand for $2,000,000 against Womack and North Fulton Emergency Physicians, LLC ("NFEP") combined:

> Demand to Matthew Womack, MD and North Fulton Emergency Physicians: $2,000,000.00, which has been represented to be the limits of insurance available to these defendants.

(Doc. 11-3, p. 2.) By its plain terms the demand was not within the applicable limits of Womack's insurance coverage with MSIC, or his coverage with any insurer for that matter.

In addition, the *sole* claim against NFEP was that Womack was "acting in his capacity as an employee and agent of North Fulton Emergency Physicians, Inc. when he provides care and treatment to Jonathan Buckelew" such that NFEP "is liable to Plaintiffs under a theory of respondeat superior for the negligent acts of its agent, Dr. Womack." (Doc. 11-1, p. 16.) No independent theories of liability were asserted against NFEP.

The underlying lawsuit proceeded to trial with the jury returning a defense verdict for NFEP[3] but finding Womack to be 60% at fault for the injuries claimed, an apportionment that calculates to $45 million. (Doc. 11-4.) This lawsuit followed in which Womack's sole substantive claim is that MSIC is liable for common law "failure to settle"

---

[3] NFEP showed successfully at trial that Womack was not its "employee and agent."

within his policy limit. (Doc. 1-1, p. 9.) Derivative of that liability, Womack seeks to recover his attorney fees and litigation expenses as well as punitive damages under O.C.G.A. § 51-12-5.1 (Doc. 1-1, p. 10.) For the reasons that follow, Womack has failed to state a claim for "failure to settle" under Georgia law such that judgment is warranted on all three counts in the Complaint.

<div align="center">**ARGUMENT AND CITATIONS TO AUTHORITY**</div>

## A. Standards of review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Whether filed after the pleadings have closed as a motion for judgment on the pleadings, or beforehand as a motion to dismiss under Rule 12(b)(6), "the question [is] the same: whether the [complaint] stated a claim for relief." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295, n.8 (11th Cir. 2002). In this context, the Eleventh Circuit has explained that factual allegations are to be considered as true but not legal conclusions. *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In addition, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Accordingly, when resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). The underlying complaint, the policy, and the demand letter are properly considered on this motion as they are each "central to the plaintiff's claims" and their "authenticity is not challenged."

### B. <u>The substantive law on failure to settle claims.</u>

The seminal case of *Southern General Insurance Company v. Holt* held that "[a]n insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith in failing to compromise the claim." 262 Ga. 267, 268, 416 S.E.2d 274, 276 (1992). As explained by the Supreme Court, *Holt* held that "the insurer had a duty to its insured to respond to the plaintiff's deadline to settle the personal injury claim within policy limits when the insurer had knowledge of clear liability and special damages exceeding the policy limits." *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 685, 580 S.E.2d 519, 521 (2003). As *Brightman* expounded, "[a]n insurance company may be liable for the excess judgment entered against its insured based on

the insurer's bad faith or negligent refusal to settle a personal claim within the policy limits." 276 Ga. at 684, 580 S.E.2d at 521.

One of the issues presented in *Brightman* was whether the insurer had an "affirmative duty …. to engage the injured party in discussion regarding an initial settlement demand in excess of policy limits," as the lower court had found. *Cotton States Mut. Ins. Co. v. Brightman*, 256 Ga. App. 451, 454, 568 S.E.2d 498, 500-01 (2002). The Supreme Court soundly rejected such a legal duty, stating:

> [W]e disagree with [the Court of Appeals'] description of the insurer's duty to settle. Specifically, we disapprove of the language placing an affirmative duty on the company to engage in negotiations concerning a settlement demand that is in excess of the insurance policy's limits.

276 Ga. at 686, 580 S.E.2d at 522. The Supreme Court nevertheless affirmed the lower court's ruling because it found a demand *had* been asserted within the insured's limits, giving rise to a duty to use due care in response.

Despite this clear pronouncement from Georgia's highest court, some courts found the law "unsettled whether a plaintiff must make a policy-limits demand for an insurer to be liable for a tortious refusal to settle." *Kingsley v. State Farm Mut. Auto. Ins. Co.*, 353 F. Supp. 2d 1242, 1249 (N.D. Ga.), *aff'd*, 153 F. App'x 555 (11th Cir. 2005); *see also Thomas v. Atlanta Cas. Co.,* 253 Ga. App. 199, 204, 558 S.E.2d 432, 439 (2001) (emphasis added) (stating an insurer could owe a duty "either to settle within policy limits *or to make an offer of settlement*.")

Recognizing this disparity in the law, the Supreme Court corrected the course in 2019 stating: "we take this opportunity to clarify that an insurer's duty to settle arises when the injury party presents a valid offer to settle *within the insured's policy limits*." *Hughes*, 305 Ga. at 492-93, 826 S.E.2d at 75 (emphasis added). After further clarifying that "[t]he interpretation of an offer…is an issue of law for a court," the Supreme Court found that the insurer did not owe a duty to settle because it had not been presented with of a valid offer within the insured's limits of liability. *Id*. at 493-97, 826 S.E.2d at 75-77. *See also Game Truck Georgia, LLC v. Atl. Spec. Ins. Co.,* 849 F. App'x 233, 236 (11th Cir. 2021) ("the insurer's duty to settle arises upon presentation of a settlement offer that is within the insured's policy limits"); *Am. Guar. & Liab. Ins. Co. v. Liberty Surplus Ins. Corp.*, 835 F. App'x 447, 457 (11th Cir. 2020) ("In *Hughes*, the Supreme Court of Georgia recently clarified that an offer within the insured's policy limits is a prerequisite for the insurer to owe a duty to settle.") *Accord, Jumlist v. Prime Ins. Co.*, 2022 WL 610402, at *9 (N.D. Ga. Jan. 25, 2022), *aff'd,* 92 F.4th 1008 (11th Cir. 2024) ("an insurer has no such duty [to settle] if the settlement demand exceeds the insurance policy's limits.")

Lastly, the failure to settle claim sounds in tort "to compensate an insured for losses proximately caused by a breach of the insurer's duty to settle." *GEICO Indem. Co. v. Whiteside*, 311 Ga. 346, 359, 857 S.E.2d 654, 666 (2021). Particularly in the

7

tort arena, "the existence of a legal duty presents a threshold question of law for the court." *Lee v. Caterpillar, Inc.,* 496 F. App'x 914, 917 (11th Cir. 2012) (*citing First Federal Sav. Bank of Brunswick v. Fretthold,* 195 Ga. App. 482, 394 S.E.2d 128, 131 (1990)). *See also Hughes*, 305 Ga. at 493, 826 S.E.2d at 75 ("the interpretation of an offer…is an issue of law for a court.") Consequently, whether Womack stated facts that MSIC owed a duty to settle is well-suited for adjudication on the pleadings.

### C. **Womack has not stated facts showing a "duty to settle."**

As stated above, the law is clear that an insurer's duty to settle a claim does not arise unless and until there is a "valid offer to settle within the insured's policy limits." *Hughes*, 305 Ga. at 492-93, 826 S.E.2d at 75. Here the demand was for $2,000,000, or twice the amount of Womack's limit of $1,000,000. (Doc. 1-1, pp. 3 and 8.) Because the existence of a tort duty is a legal question of the Court, as well as the interpretation of an offer, this Court should find that the facts alleged in the Complaint do not show that a duty to settle arose under Georgia law. And without a duty in the first place there can be no breach that proximately caused damage to which Womack would be entitled.

### D. **Brightman's "safe harbor" rule does not apply.**

Womack seeks to avoid this straightforward outcome in his Complaint by calling the demand a "Brightman Demand" and alleging that MSIC

breached a duty "by failing to meet the portion of the demand over which it had control and doing what it could to effectuate settlement of the claims against Dr. Womack." (Doc. 1-1, pp. 6-7.) In so alleging, Womack bypasses the initial question whether the demand was within his limit in the first place—which it was not, as explained above. In contrast, the demand in *Brightman* was within the insured's limits.

The plaintiff in *Brightman* was injured in a collision with a vehicle that was owned by Lynn Martin and operated by Gregory Cumbo. 276 Ga. at 683, 580 S.E.2d at 520. Martin had insurance with Cotton States with a limit of $300,000 and Cumbo was insured by State Farm with a limit of $100,000. *Id.* at 683-84, 580 S.E.2d at 520. During the pendency of the lawsuit a ten-day demand was made on Cotton States to pay Martin's limit of $300,000, with settlement of the claim contingent on State Farm also agreeing to pay Cumbo's limit of $100,000. 276 Ga. at 684, 580 S.E.2d at 520. Neither insurer tendered their limits within the ten-day period, however, after which a judgment was entered that exceeded the limit by $1,387,500. *Id.*

In the ensuing "failure to settle" lawsuit, Cotton States contended that it was "excused, as a matter of law, from tendering its policy limits because the plaintiff's demand contained a condition over which Cotton States had no control," i.e., State Farm's need to tender its limit of $100,000. 276 Ga. at 685,

9

580 S.E.2d at 521. Even though the case would not have settled because State Farm did not tender Cumbo's $100,000 limit, the Supreme Court found Cotton States had a duty to act reasonably because the demand was within Martin's limit of $300,000 under its policy. *Id.* at 686, 580 S.E.2d at 522. "If Cotton States had tendered its policy limits while the plaintiff's offer was pending, it would have done everything within its control to accept the plaintiff's offer and thus protect its policyholder from an excess verdict." *Id.*

Thus, "an insurance company faced with a demand involving multiple insurers can create a safe harbor from liability for an insured's bad faith claim under *Holt* by meeting the portion of the demand over which it has control, thus doing what it can to effectuate the settlement of the claims against its insured." 276 Ga. at 686, 580 S.E.2d at 522. At the same time, as discussed above, *Brightman* expressly rejected the notion that an insurer has an affirmative duty "to engage in negotiations concerning a settlement demand that is in excess of the insurance policy's limit." *Id.* And as *Hughes*' bright line rule made even clearer, a "valid offer to settle *within* the insured's policy limit" is an absolute legal predicate to a failure to settle claim in Georgia. *Hughes*, 305 Ga. at 492-93, 826 S.E.2d at 75 (emphasis added).

By its terms, and consistent with the *Hughes* decision, *Brightman*'s "safe harbor" rule is limited to circumstances where there is a demand on multiple

10

insurers to pay the amounts that are within their individual insured's limits. In *Brightman*, the demand on Cotton States was to pay *Martin*'s limit of $300,000. In contrast, the demand in this case was for MSIC to pay $2,000,000 for both Womack and NFEP combined, without any differentiation between them. Plaintiff's erroneous characterization of the demand as "a *Brightman* demand" notwithstanding, the demand would have had to have been to pay $1,000,000 to resolve claims against Womack for the *Brightman* circumstance to arise, which it decidedly did not.

Viewed from another angle, the claim against NFEP was based solely on its alleged vicarious liability for Womack's acts as its "employee and agent," without any independent negligence by NFEP. (Doc. 11-1, p. 16.) In Georgia, "where an employer's liability is solely vicarious, the employer and employee 'are regarded as a single tortfeasor.'" *Eliezer v. Mosley*, 369 Ga. App. 102, 108, 891 S.E.2d 555, 559 (2023) (*quoting PN Express v. Zegel*, 304 Ga. App. 672, 680, 697 S.E.2d 226 (2010)). The $2,000,000 demand thus exceeded the Womack's limit of $1,000,000 as the "single tortfeasor." Had the demand been for $1,000,000 to release claims against Womack, then the demand might have been sufficient to be within his limits despite settlement being contingent on $63 million being paid by all other defendants. But the

11

demand was not within Womack's limits and for that reason he has failed to present facts that state a claim for failure to settle under Georgia law.

Distilling Womack's contention to its essence, he is trying to shoehorn this case into *Brightman*'s safe harbor by asserting that the condition within MSIC's control was to tender Womack's limit of $1,000,000 in response to the demand for $2,000,000. Yet if nothing else, *Brightman* makes clear that an insurance company does not have a duty to respond to settlement demands that exceed the limits of the insured's liability. *Hughes* then adds to that rule by requiring that the demand be *within* the insured's limit.

To expand *Brightman*'s safe harbor rule to demands *above* the insured's limits would wholly eviscerate the fundamental concept that a demand *within* limits is an essential element of a "failure to settle" claim in the first place. Allowing the condition over which the insurer lacked control to be the amount above the policy limit would run directly afoul of *Brightman*'s clear rejection of "an affirmative duty on the company to engage in negotiations concerning a settlement demand that is in excess of the insurance policy's limits" and its express refusal "to ascribe a duty to insurers to make a counteroffer to every settlement demand that involves a condition beyond their control." *Brightman*, 276 Ga. at 686, 580 S.E.2d at 522. Fundamentally, therefore, the $2,000,000

demand could not give rise to a duty by MSIC as a predicate to pursuing a claim for failing to settle within Womack's $1,000,000 limits.

### E. **Womack's derivative claims must be dismissed.**

Separately, Womack asserts derivative claims for fees and expenses under O.C.G.A. § 13-6-11 and for punitive damages under O.C.G.A. § 51-12-5.1. Because the Complaint fails to state a substantive claim, these derivative claims must be dismissed as well. *See Popham v. Landmark Am. Ins. Co.*, 340 Ga. App. 603, 612, 798 S.E.2d 257, 264 (2017)("[A]wards of punitive damages and attorney fees are derivative of underlying claims, where those claims fail, claims for punitive damages and attorney fees also fail.")

## CONCLUSION

From every angle, the demand for $2,000,000 exceeded Womack's limit of $1,000,000. MSIC is therefore entitled to judgment on the pleadings.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Geoffrey R. Hafer
Georgia Bar No. 860149
geoffrey.hafer@fmglaw.com
*Counsel for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(833) 330-3669 (Facsimile)

13

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 5.1</u>

I hereby certify that this document was prepared using Times New Roman

14-point font, one of the fonts and typeface sizes allowed under Rule 5.1.

<div style="margin-left: 45%;">

*/s/ Philip Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Defendant*
*Medical Security Insurance Company*

</div>

14

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **Motion for Judgment on the Pleadings and Memorandum of Law in Support** with the Clerk of the Court using the CM/ECF system which will send notification and a copy of such filing to the following:

<div align="center">

James (Jay) Sadd
Richard E. Dolder, Jr.
SLAPPEY & SADD, LLC
352 Sandy Springs Circle
Atlanta, GA 30328
Ph: (404) 255-6677
Fax: (404) 255-7340
jay@lawyersatlanta.com
rich@lawyersatlanta.com

</div>

This 27th day of June 2025.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Defendant*
*Medical Security Insurance Company*